UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ADDIE AGBASI | CIV. ACTION NO. 3:22-1142 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| WALMART, INC. | MAG. JUDGE KAYLA D. MCCLUSKY |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion for leave to amend to join a potentially diversity-destroying party [doc. # 14] filed by Plaintiff Addie Agbasi. The motion is opposed. For reasons assigned below, the motion for leave to amend is GRANTED, and, therefore, it is recommended that this matter be REMANDED to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana.

### Background

On December 17, 2021, Addie Agbasi ("Agbasi"), a Louisiana citizen,[1] filed the instant suit for damages in the Fourth Judicial District Court, for the Parish of Ouachita, State of Louisiana, against Defendant, Walmart, Inc. ("Walmart"). (Petition). Agbasi alleged that on January 4, 2021, she was a patron at the Walmart Neighborhood Market at McKeen Plaza, Monroe, Louisiana, when she was struck in the back and pushed forward by a dolly operated by a Walmart employee. *Id*., ¶¶ 4-5. The impact caused Agbasi to collapse and/or fall, resulting in extreme pain and serious personal injuries. *Id*. She seeks to recover a comprehensive list of damages, including temporary or permanent disability. *Id*., ¶ 10.

---

[1] Notice of Removal, ¶ 3.

Walmart filed its answer in state court on March 2, 2022, but the Clerk of Court received a facsimile copy of the filing on February 25, 2022. (Answer; Notice of Removal, Exh. B [doc. # 1-3]).

On April 22, 2022, counsel for Agbasi sent an email to defense counsel confirming that his client's claim exceeded $75,000.00. (Apr. 22, 2022 email from C. Heck to A. Hooper; Notice of Removal, Exh. C). Accordingly, on April 28, 2022, Walmart removed the case to federal court on the lone basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal).

On June 14, 2022, the court ordered the parties to hold their Rule 26(f) conference by June 30, 2022. (Order [doc. # 10]). Prior to the conference, and absent agreement or another order, the parties were not at liberty to conduct discovery. *Id.* (citing FED. R. CIV. P. 26(d)).

The parties filed their joint Rule 26(f) report on July 7, 2022. (Rule 26(f) Report [doc. # 11]. Following a Rule 16(b) conference with the parties, the court issued a scheduling order that included a February 21, 2023 deadline for joinder of parties and amendment of pleadings. (Sched. Order [doc. # 13]).

On July 8, 2022, Agbasi propounded discovery to Walmart that sought, *inter alia*, the name of the individual who was pushing the trolley/container transport device described in the Petition. (Interr. & Reqs. for Prod.; Pl. Reply Brief, Exh. 1 [doc. # 21-2]).

On August 31, 2022, Walmart served Agbasi with its discovery responses, wherein it identified Bridget Walters ("Walters") as the grocery associate who was pushing the trolley/transport device. (Answers to Interr.; Walmart Opp. Brief, Exh. A [doc. # 20-1]).

On September 28, 2022, Agbasi took the deposition of Walmart employees, including

Walters, at which time, she was able to confirm the extent of Walters' role and involvement in the incident.

Two days later, on September 30, 2022, Agbasi filed the instant motion for leave of court to amend her complaint to join Walters, a Louisiana domiciliary, as a party-defendant. The proposed pleading alleges that Walters was the employee who was operating the dolly/trolley referenced in the original petition and that she had negligently overloaded the dolly/trolley with totes such that she could not see over the top of the stack, which led to the accident. *See* 1st Suppl. and Amend. Compl. [doc. # 14-2]. The proposed pleading further alleges that Walters was acting within the course and scope of her employment with Walmart, and, thus, Walmart is vicariously liable for Walters' negligence. *Id*. Agbasi averred that she did not learn Walters' identity until her attorney received Walmart's discovery responses on August 31, 2022. (Affidavit of Addie Agbasi; M/Leave to Amend, Exh. [doc. # 14-3]).

Walmart filed its opposition to the motion on November 4, 2022. (Opp. Brief [doc. # 20]). On November 9, 2022, Agbasi filed her reply brief. (Pl. Reply [doc. # 21]. Accordingly, the matter is ripe.

## Law and Analysis

**I.  Motion for Leave to Amend**

Rule 15 provides that leave to amend shall be "freely [granted] when justice so requires." FED. R. CIV. P. 15(a)(2). This rule is circumscribed, however, by 28 U.S.C. § 1447(e) which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and

3

remand the action to the State court." 28 U.S.C. § 1447(e); *Ascension Enters. v. Allied Signal*, 969 F. Supp. 359, 360 (M.D. La. 1997) (Section "1447(e) trumps Rule 15(a).").

Under these circumstances, courts are required to "scrutinize [the] amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Specifically, the court must balance the defendant's interest in maintaining a federal forum, with the competing interest of avoiding parallel lawsuits by considering the following "*Hensgens* factors,"

> [1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether the plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment would be permitted. If it permits the amendment of the non-diverse defendant, it must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.

*Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 367-368 (5th Cir. 2010) (citation omitted).

One issue that often is considered within the *Hensgens* rubric is whether plaintiff has a reasonable possibility of recovery against the non-diverse defendant(s). For example, a plaintiff will not be "significantly injured" under *Hensgens* by a court's denial of leave to add a clearly meritless claim. *Wilson*, 602 F.3d at 368. Thus, the Fifth Circuit has held that it lies within a district court's "discretion" to deny a proposed amendment as futile, if there is no reasonable basis to predict that plaintiff will be able to recover against the would-be, non-diverse defendant. *Id*.

Nevertheless, an earlier Fifth Circuit panel made it clear that "[a] request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter

4

jurisdiction (*i.e.,* a request fraudulently to join a party) would *never* be granted." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir.1999) (emphasis added).[2] In other words, the party opposing joinder has the opportunity to prevent joinder by demonstrating that plaintiff has no "colorable claim" against the proposed defendant. *Id*. This presents a potentially dispositive threshold issue, for if plaintiffs fail to state a colorable claim, then the court cannot permit amendment. *Id.*

When deciding whether plaintiffs state a colorable claim for relief against the non-diverse defendant(s), the district court may permit "limited discovery into 'discrete and undisputed facts' that had been omitted from the complaint and that might preclude recovery against the in-state defendant . . ." *Wilson*, 602 F.3d at 373 (citing *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573-74 (5th Cir. 2004)).

    a)    <u>Colorable Claim</u>

When a case is removed to federal court on the basis of diversity jurisdiction, the *Erie* doctrine requires federal courts to apply state substantive law when adjudicating state law claims. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Under Louisiana law, a court may hold a corporate officer or employee individually liable for injuries to third persons under certain circumstances." *Kemp v. CTL Distribution, Inc.*, 440 Fed. App'x. 240, 245 (5th Cir. 2011) (citing *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973)). "Liability may be imposed on such

---

[2] The court added that because the improper joinder doctrine (f/k/a the "fraudulent joinder doctrine") applies only to those non-diverse parties on the record in state court at the time of removal, it necessarily does not apply to post-removal joinders. *Cobb*, 186 F.3d at 677.

5

individuals even if the duty breached arises solely from the employment." *Id.* (citing *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (5th Cir. 2005) and *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994)). "If the elements for imposing individual liability on the corporate employee are met, it does not matter that the corporation might also be liable." *Ford*, 32 F.3d at 936 (citing *H.B. 'Buster' Hughes, Inc. v. Bernard*, 318 So.2d 9, 12 (La. 1975)). Conversely, when considering the sufficiency of allegations purporting to state a claim for an individual employee's personal liability, "[t]he Court is only concerned . . . [with] whether a viable claim may be made against [the defendant employee] personally and not whether [the employer] may be held vicariously liable for the action of its employees." *Johnson v. Packaging Corp. of America*, Civ. Action No. 18-613, 2019 WL 1271053 (M.D. La. Feb. 27, 2019) (internal citations omitted).

In *Canter v. Koehring Co.*, the Louisiana Supreme Court detailed the circumstances under which a corporate officer or employee may be held individually liable for injuries sustained by third parties. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) (citing *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973)). The court acknowledged that "the officer, agent, or employee may . . . be liable for injury resulting from his fault independent of any obligation imposed upon him by virtue of his employment duties, even though the fault occurs during the course of his employment." *Canter*, 283 So.2d at 722, n.7. In addition, liability may be imposed on such individuals even if the duty breached arises solely from the employment relationship. *Ford*, 32 F.2d at 936.

Where the sole basis for the duty breached by the employee or manager is that imposed

6

by virtue of the employment or agency relationship, then an employee may be personally liable if "(1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care." *Moore v. Manns*, 732 F.3d 454, 456–57 (5th Cir. 2013) (citations omitted).

Generally, "the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm." *Mundy v. Department of Health and Human Resources*, 620 So.2d 811, 813-814 (La.1993) (citations omitted). Moreover, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LA. CIV. CODE ART. 2315. "Fault is a breach of duty owed by one party to another under the particular facts and circumstances of a given case." *Broussard v. Northcott Expl. Co., Inc.*, 481 So.2d 125, 128 (La. 1986). Fault encompasses any conduct that falls below the standard of care that would be exercised by a reasonable person. *See Landry v. Bellanger*, 851 So.2d 943, 949 (La. 2003) and *Esco v. Smith*, 468 So.2d 1169, 1174 (La.1985).

Here, the proposed pleading alleges that Walmart delegated the task of collecting and transporting grocery containers or totes to Walters. (1st Suppl. & Amend. Compl., ¶¶ 4-6). Agbasi further alleges that Walters breached a duty that she owed to the public and patrons of the store when she over-stacked the totes such that she could not see to safely navigate the dolly through the store. *Id*. Accordingly, the court finds, and Walmart does not contest, that Agbasi states a colorable claim for relief against the prospective, non-diverse Defendant.

7

      b)      *<u>Hensgens</u>* <u>Considerations</u>

Turning to the *Hensgens* factors, the undersigned observes that district courts have mulled various considerations to determine whether the purpose of a given amendment is to defeat federal jurisdiction. For example, some courts will ask "whether the plaintiffs knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Schindler v. Charles Schwab & Co., Inc.*, No. 05-0082, 2005 WL 1155862 (E.D. La. May 12, 2005); *see also Penny Realty Inc. v. Sw. Capital Servs., Inc.*, No. 08-0473, 2008 WL 2169437, at *2 (W.D. La. May 23, 2008). Alternatively, other cases have recognized that "as long as the plaintiff states a valid claim against the new defendants, the principal purpose of the amendment is not to destroy diversity jurisdiction." *Herzog v. Johns Manville Prods. Corp.*, No. 02-1110, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002); *see also Tillman v. CSX Transp. Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991) (upholding a finding that where the plaintiff had a valid cause of action against a defendant, the principal purpose of the amendment was not to defeat federal jurisdiction).

In 2018, the Monroe Division, Judge Doughty adopted the latter approach, i.e., so long as a plaintiff states a valid cause of action against the non-diverse defendant, then the principal purpose of the amendment is not to destroy diversity jurisdiction. *Diamond McCattle Co. LLC v. Range Louisiana Operating LLC*, Civ. Action No. 18-0229, 2018 WL 6728587 (W.D. La. Dec. 21, 2018) (Doughty, J.). As discussed above, Agbasi has a viable cause of action against Walters. Therefore, the principal purpose of the amendment is not to defeat diversity. *Id.* at *4.

Walmart argues that Agbasi knew at the time she commenced this action that one of Walmart's employees had caused her injuries, and, thus, she "should have asserted claims

8

involving the associate, such as negligent hiring or training, or named the associate as an unknown defendant." (Opp. Brief, pg. 3). However, in *Diamond McCattle Co. LLC v. Range Louisiana Operating LLC*, now-Chief Judge Doughty rejected the argument that a plaintiff is required to name a placeholder or "fictitious" employee to preserve the right to substitute a properly named defendant, post-removal. *See Diamond McCattle Co., LLC*, 2018 WL 6728587 at *5.

Moreover, it was not until Walmart filed its Answer on or about March 2, 2022 that it formally took the position that the "incident complained of was in no way caused or contributed to by any fault or negligence on the part of [Walmart] or on the part of anyone for whom it may be responsible." (Answer, ¶ 14). Walmart added that "any recovery had by plaintiff herein should be reduced by a percentage of fault applicable to plaintiff's negligence or fault . . . or that of third parties and [Walmart] specifically plead[s] the benefits of La. Civ. Code Arts. 2323 and 2324." *Id*., ¶ 21. When read together, and combined with the allegation in the Petition that the then-unknown Walmart employee or employees caused her injuries, Walmart's answer reasonably suggests that Walmart was disclaiming responsibility for Walters' actions. Even if Walmart ultimately acknowledges,[3] or otherwise is held financially responsible for Walters' actions, the Louisiana Supreme Court recently has emphasized the importance of separately analyzing and quantifying the fault of employees and their employers. *See Martin v. Thomas*, 346 So. 3d 238 (La. 2022). Agbasi's desire to hold the direct tortfeasor personally liable for the injuries the tortfeasor caused is permitted under Louisiana law and represents a cognizable basis

---

[3] Walmart now concedes, in its brief, that Walters was its employee and acting within the course and scope of her employment on the date of the incident. (Opp. Brief, pg. 7).

for joinder.

Walmart also argues that Agbasi was dilatory in seeking leave to file her proposed amendment because she did not file the instant motion until over nine months after she commenced the action in state court. Certainly, a consideration in Walmart's favor is the fact that Agbasi apparently did not conduct any discovery during the approximately two-month period between the time that Walmart filed its answer and when it removed the case to federal court. However, once in federal court, and absent exception, Agbasi could not conduct discovery until after the parties held their Rule 26(f) conference, which was to be held by June 30, 2022. Shortly thereafter, Agbasi propounded interrogatories to Walmart and learned on August 31, 2022, that Bridget Walters was the grocery associate who was pushing the trolley/transport device. Agbasi took Walters' deposition within thirty days thereafter and promptly filed the instant motion two days after the deposition.

The court cannot fault Agbasi for waiting to file the instant motion until after she took Walters' deposition and confirmed her role in the accident. Indeed, this approach is prudent, given her need to allege facts to show that she has a colorable claim against the prospective, non-diverse party.[4] While, in hindsight, Agbasi could have been more diligent in her discovery efforts after Walmart answered and before removal, the court cannot conclude that she was dilatory. *See Diamond McCattle Co., LLC* (plaintiff not dilatory where she sought amendment after defendant filed a motion for summary judgment and where she allowed three-months to

---

[4] In fact, in another analogous case pending before this court, Walmart has contested post-removal joinder because plaintiff did *not* take the deposition of the prospective employee-defendant and, thus, purportedly made no more than conclusory statements about her liability. *See Street v. Walmart*, Civ. Action No. 22-5438 (W.D. La.) [doc. # 14, cm/ecf pg. # 5].

10

lapse before propounding discovery to uncover the names of defendant's employees). Moreover, Agbasi filed her motion months before the February 21, 2023 deadline to amend pleadings and join parties. *See Roussell v. PBF Consultants, LLC,* Civ. Action No. 18-899, 2020 WL 5901118, at *11 (M.D. La. Sept. 18, 2020), R&R adopted, 2020 WL 5900135 (M.D. La. Oct. 5, 2020) (plaintiff not dilatory when she filed her motion for leave to amend within the deadlines set in the court's scheduling order); *Jones v. Rent-A-Center East, Inc.*, 356 F.Supp.2d 1273, 1276 (M.D. Ala. 2005) (finding that plaintiffs were not dilatory because motion to amend was filed within the time allowed by the scheduling order); *Smith v. Robin America, Inc.*, Civ. Action No. H-08-3565, 2009 WL 2485589, at * 6 (S.D. Tex. Aug. 7, 2009) (when a deadline for amendments has been set, and the deadline has been complied with, it would be unreasonable for the court to find the delay dilatory). Finally, Walmart has not shown any material prejudice from the alleged delay. While Walmart notes that the parties have completed at least some discovery, there is no apparent reason why these discovery efforts will not transfer over to state court, together with the case.

As to whether Agbasi will be significantly injured if amendment is not allowed, the court acknowledges that, so long as Walmart is able to fund any judgment rendered in Agbasi's favor, then Agbasi likely will not suffer any ultimate financial repercussions if leave to amend were denied. Moreover, if, as Walmart concedes in its brief, Walters was acting within the course and scope of her employment, then Walmart will be liable for her negligence. *See* LA. CIV. CODE ART. 2320.

Nonetheless, consideration of cost, judicial efficiency and potentially inconsistent results weigh in favor of not requiring Agbasi to prosecute separate suits in two forums where, as here,

both arise under the same set of facts. *Roussell,* 2020 WL 5901118, at *11 (citations omitted). Moreover, because the fault of both Walmart and Walters will have to be quantified, even if they were sued separately, this allocation of fault should be performed in a single case by the same trier of fact.[5] Accordingly, the third factor, like the others, weighs in favor of remand.[6]

Finally, aside from its federally recognized interest and strong preference to litigate this matter in federal court, Walmart does not identify other considerations "bearing on the equities" that are not already subsumed within the specific *Hengens* considerations. The court remains cognizant of a defendant's interest in retaining its chosen federal forum. However, plaintiffs enjoy a countervailing interest in reclaiming their preferred forum.[7] For better or worse, Louisiana law permits a tort victim to sue both the tortfeasor and the tortfeasor's employer. The

---

[5] In *Roussell v. PBF Consultants, LLC*, the court emphasized that if plaintiff were forced to sue the prospective, non-diverse defendant in a separate suit then, "not only would that suit likely be prescribed under Louisiana's one-year prescriptive period for personal injury actions, but a separate suit (if allowed to proceed) risk[ed] the possibility of inconsistent judgments regarding the percentages of fault attributable to [all defendants]." *Roussell, supra* (quoted source omitted).

[6] Walmart urges the court to follow *Perkins v. Sheffield Rentals, Inc.* wherein the undersigned determined that plaintiff would not be substantially prejudiced by the denial of a post-removal leave to amend a non-diverse employee of an existing defendant where there was no suggestion that the employer would not be able to fund a judgment. *Perkins v. Sheffield Rentals, Inc.*, Civ. Action No. 21-1701 (W.D. La. Aug. 12, 2022). In *Perkins*, however, the undersigned determined that plaintiff had no colorable claim against the prospective non-diverse defendant. Consequently, joinder was not permitted, regardless of the *Hensgens* factors. *See Cobb, supra*.

[7] As Judge Rubin once remarked, "[f]orum-shopping is sanctioned by our judicial system. It is as American as the Constitution, peremptory challenges to jurors, and our dual system of state and federal courts." *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1261 (5th Cir. 1983). "The existence of these choices not only permits but indeed invites counsel in an adversary system, seeking to serve his client's interests, to select the forum that he considers most receptive to his cause." *Id.*

court is not unsympathetic to the reality that individual employees may be subject to personal liability for acts that they likely performed for, or at the behest of their employer. However, the possibility of dual layers of potentially redundant liability presents an issue that remains within the particular province of the legislature to redress.[8] In the interim, however, and in the absence of other compelling *Hensgens* considerations, the court is reluctant to circumscribe plaintiff's ability to exercise that right.

In sum, upon application of the *Hensgens* considerations, the court finds they weigh in favor of allowing the proposed amendment.[9]

**II.     Remand**

The joinder of a non-diverse defendant destroys the court's subject matter jurisdiction. *Cobb, supra*. Once joinder of a diversity-destroying defendant is permitted, remand to state court is not merely discretionary, it is mandatory. 28 U.S.C. § 1447(e); *Cobb, supra*; *Wilson, supra*; *Hensgens*, 833 F.2d at 1182 (if amendment is permitted, the court must remand the whole case to state court).[10]

---

[8] In the wake of *Canter*, which permitted injured workers to file suit against their co-employees, notwithstanding their employers' workers compensation immunity, the legislature amended the workers' compensation statute to preclude negligence suits brought against co-employees.

[9] In its brief, Walmart cited a range of cases that reached outcomes inconsistent with this case. To the extent that those opinions are not otherwise distinguishable, they remain district court decisions that are not binding on this court. Furthermore, decisions from this court that precede the sea change in *Diamond McCattle Co. LLC v. Range Louisiana Operating LLC*, are similarly unpersuasive.

[10] Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). A court must raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction. *Id.*

**Conclusion**

For the above-assigned reasons,

IT IS ORDERED that Plaintiff Addie Agbasi's motion for leave to file a first supplemental and amending complaint [doc. # 14] is GRANTED.[11]  The amendment destroys subject matter jurisdiction, and, consequently,

IT IS RECOMMENDED that this matter be REMANDED to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana.  28 U.S.C. § 1447(e).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

---

[11] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 13th day of March, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE